1  SPENCER HOSIE (CA Bar No. 101777)
   BRUCE WECKER (CA Bar No. 078530)
2  GEORGE F. BISHOP (CA Bar No. 89205)
   HOSIE RICE LLP
3  188 The Embarcadero, Suite 750
   San Francisco, CA 94105
4  Phone: (415) 247-6000
   Fax: (415) 247-6001
5  E-mail: shosie@hosielaw.com
   E-mail: bwecker@hosielaw.com
6  E-mail: gbishop@hosielaw.com

7  RAYMOND P. NIRO *(Pro Hac Vice)*
   DINA M. HAYES *(Pro Hac Vice)*
8  LEE F. GROSSMAN *(Pro Hac Vice)*
   NIRO, SCAVONE, HALLER & NIRO
9  181 W. Madison St., Suite 4600
   Chicago, Illinois 60602
10 Phone: (312) 236-0733
   Fax: (312) 236-3137
11 E-mail: rniro@nshn.com
   E-mail: hayes@nshn.com
12 E-mail: grossman@nshn.com

13 ***Attorneys for Plaintiff***
   **Trace-Wilco, Inc.**

14

15            **IN THE UNITED STATES DISTRICT COURT**

16         **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

17                  **(SAN FRANCISCO DIVISION)**

18 TRACE-WILCO INC.                    ) Case No. 5:09 CV 00810 SI
                                        )
19              Plaintiff,              )
                                        )
20        v.                            ) **STIPULATED PROTECTIVE**
                                        ) **ORDER**
21 SYMANTEC CORPORATION,                )
   CISCO SYSTEMS, INC.,                 ) Honorable Susan Illston
22 MCAFEE, INC., and GOOGLE INC.        )
                                        )
23                                      )
              Defendants.               )
24 ─────────────────────────────────────

25

26

27

28

1. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2. <u>DEFINITIONS</u>

2.1 <u>Party</u>: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).  The following is not Confidential Information or Items:  (i) information that the Receiving Party can show by written record is or becomes part of the public domain by publication by a party having the right to publish such information and not due to any unauthorized act or omission on the part of a receiving party; (ii) information that a Receiving Party can show was

2

lawfully in the Receiving Party's possession prior to being designated as Confidential in this litigation and that the receiving party is not otherwise obligated to treat as confidential; (iii) information that the Receiving Party can show was obtained (without any benefit or use of Confidential Material) from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality; (iv) information that the Receiving Party can show by written record was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's Confidential Material; or (v) information that was submitted to a governmental entity as to which confidential treatment was neither requested nor provided, either by operation of law or otherwise.

2.4 "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or nonparty would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5 "HIGHLY RESTRICTED CONFIDENTIAL" Information or Items: source code or other electronic files used in network operations, comments for source code or network operation files, revision histories, or other material whose wrongful dissemination could result in irreparable harm to the designating party.

2.6 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.8. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential," "Highly Confidential — Outside Counsel Only," or "Highly Restricted Confidential."

2.9 Protected Material: any Disclosure or Discovery Material that is designated as

3

"Confidential," as "Highly Confidential – Outside Counsel Only," or as "Highly Restricted Confidential."

2.10. <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.11 <u>House Counsel</u>: attorneys who are employees of a Party.

2.12 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.13 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4. <u>DURATION</u>

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

4

## 5. DESIGNATING PROTECTED MATERIAL

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. In determining the scope of information that a party may designate as its Protected Material, each party acknowledges the importance of client access to information necessary to client decision-making in the prosecution or defense of litigation, and therefore agrees that designations of information as Protected Material and responses to requests to permit further disclosure of Confidential Information or Items shall be made in good faith and not (1) to impose burden or delay on an opposing party or (2) for tactical or other advantage in litigation.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

(a) The labeling or marking of a document or tangible thing with the designation "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL" shall be made when a copy of the document or thing is provided to the Receiving Party by placing the legend "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL," on the face of each such document or thing.  Any such designation that is inadvertently omitted or misdesignated may be corrected by written notification to counsel for the Receiving Party, and the Receiving Party shall thereafter mark and treat the materials as "CONFIDENTIAL," " CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL," as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated.  If, prior to

5

receiving such notice, the Receiving Party has disseminated the Confidential Information or Items to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential materials or to otherwise assure that the recipient(s) properly mark the Confidential Information or Items and maintain the confidentiality of the Confidential materials, but shall have no other responsibility or obligation with respect to the information disseminated.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL") on the face of each document that contains Protected Material. If only a portion or portions of the material qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY").

(b) In the case of deposition upon oral examination or written questions, such testimony shall be deemed "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" until the expiration of thirty (30) days after the receipt of the deposition transcript unless otherwise designated at the time of the deposition or during the thirty (30) day period.  Pages or entire transcripts of testimony given at a deposition or hearing may be designated as containing "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL" information by an

6

appropriate statement either at the time of the giving of such testimony or by written notification within thirty (30) days after the deposition.  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order.

(c) In the case of written discovery responses and the information contained therein, the responses may be designated as containing "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL" information by means of a statement at the conclusion of each response that contains such information specifying the level of designation of the Confidential Information and by placing a legend on the front page of such discovery responses stating:  "CONTAINS CONFIDENTIAL INFORMATION/[the highest level of designation contained in the answers]."  Any such designation that is inadvertently omitted or mis-designated may be corrected within thirty (30) days of service of such discovery responses by written notification to counsel for the Receiving Party, and the Receiving Party shall thereafter mark and treat the materials as "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL," as appropriate, and such material shall be subject to this Protective Order as if it had been initially so designated.  If, prior to receiving such notice, the Receiving Party has disseminated the Confidential Information or Items to individuals not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Confidential Information or Items or to otherwise assure that the recipient(s) properly mark and maintain the confidentiality of the Confidential Information or Items, but shall have no other responsibility or obligation with respect to the information disseminated.

(d) In the case of Confidential Information not reduced to documentary or tangible form or which cannot be conveniently designated as set forth above, such information may be designated "CONFIDENTIAL," "CONFIDENTIAL – OUTSIDE COUNSEL ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL" information by informing the Receiving Party of the designation

7

in writing either at the time of transfer of such information or within thirty (30) days after the transfer of such information.

5.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential," "Highly Confidential – Outside Counsel Only," or "Highly Restricted Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential," "Highly Confidential – Outside Counsel," or "Highly Restricted Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 <u>Disclosure of Privileged or Protected Information</u>.   Production or disclosure of documents or information subject to the attorney-client privilege, work product immunity, or any other applicable privilege shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work product immunity or any other applicable privilege, provided that the Producing Party has exercised reasonable diligence and notifies the Receiving Party in writing promptly after discovery of such production.   Such privileged or protected documents, including all copies thereof, shall be returned to the Producing Party immediately upon request.   No use shall be made of such documents or information during deposition or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them subsequent to the request that they be returned.   The Producing Party shall then provide a privilege log identifying the privileged or protected document.   The Receiving Party may move the Court for an Order compelling production of any such document or information, but the motion shall not assert as a ground for production the fact of the initial production, nor shall the motion disclose or otherwise use the content of the privileged or protected document or information (beyond any information appearing on the privilege log) in any way in

8

connection with any such motion.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3 <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating

9

Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, including both local and trial counsel, as well as employees and agents of such Counsel, including paralegals, litigation support services, secretarial and clerical staff as well as the following categories of persons provided that such persons have no involvement in addressing any matter regarding the substantive issues in the case:   independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and non–technical jury or trial consulting services (expressly excluding mock jurors) provided such individuals agree to be bound by this Protective Order;

(b) no more than three corporate representatives (including House Counsel) of the Receiving

STIPULATED PROTECTIVE ORDER                                         CV-09-00810 SI

Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author of the document or the original source of the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" only to:

(a) the Receiving Party's Outside Counsel of record in this action, including both local and trial counsel, as well as employees and agents of such Counsel, including paralegals, litigation support services, secretarial and clerical staff as well as the following categories of persons provided that such persons have no involvement in addressing any matter regarding the substantive issues in the case: independent legal translators retained to translate in connection with this action; independent stenographic reporters and videographers retained to record and transcribe testimony in

STIPULATED PROTECTIVE ORDER                                    CV-09-00810 SI

connection with this action; graphics, translation, or design services retained by counsel of record for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; and non–technical jury or trial consulting services (expressly excluding mock jurors) provided such individuals agree to be bound by this Protective Order;

(b) Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) the Court and its personnel;

(d) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e) the author of the document or the original source of the information.

7.4 <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL" Information or Items to "Experts"</u>

(a) Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – <u>OUTSIDE COUNSEL</u> ONLY" first must make a written request to the Designating Party that (1) identifies the specific HIGHLY CONFIDENTIAL information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

STIPULATED PROTECTIVE ORDER                                                                 CV-09-00810 SI

(b) A Party that makes a request and provides the information specified in the preceding paragraph may disclose the subject Protected Material to the identified Expert unless, within seven court days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail and suggest any additional means that might be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration in which the movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.5 Disclosure of "HIGHLY RESTRICTED CONFIDENTIAL" Information or Items. HIGHLY RESTRICTED CONFIDENTIAL material and any information contained therein may be disclosed only to the following persons and in strict accordance with the following procedures:

(a) HIGHLY RESTRICTED CONFIDENTIAL material, to the extent in electronic format, will be provided on a stand-alone computer at a mutually agreeable location in the San Francisco Bay area with all ports, software and other avenues that could be used to copy or transfer such data blocked ("Stand-alone Computer"). The Stand-alone Computer shall be maintained in the

13

sole control and custody of counsel of record for the producing party and shall be maintained in the United States at an office of counsel of record for the producing party or at such other location as shall be mutually agreed to by the parties.

(b)     HIGHLY RESTRICTED CONFIDENTIAL material, to the extent not in electronic format, shall be designated using the same processes applied to CONFIDENTIAL and CONFIDENTIAL -- OUTSIDE COUNSEL ONLY materials described in paragraph 5.2 above.

(c)     Only persons designated under paragraph 7.3(a) and 7.3(b) above shall have access to the Stand-alone Computer provided however that the following additional restrictions shall apply to such access:

(i)     at least ten (10) business days prior to the date on which access is sought to such Stand-alone Computer (ten day notice period), counsel of record for the receiving party shall provide a list of individuals including attorneys seeking to access such Stand-alone Computer and the designating party shall have the right to object to such access in accordance with paragraph 7.5 herein;

(ii)     during the pendency of the ten day notice period, no listed individual shall have access to the Stand-alone Computer;

(iii)     If an objection to any specific listed individual is made, that individual shall not have access to the Stand-alone Computer until resolution of such objection; and

(iv)     Each time a person accesses the Stand-alone Computer, the person shall sign a sign-in sheet prior to, and a sign-out sheet subsequent to, accessing the Stand-alone Computer including the name of the person accessing, the date and time in and out, and whether any hard copies were made.

(d)     The receiving party shall not have the right to, and agrees not to, copy, transmit or duplicate HIGHLY RESTRICTED CONFIDENTIAL materials in any manner, including scanning or otherwise creating an electronic image of the HIGHLY RESTRICTED CONFIDENTIAL materials, except as set forth herein.

(i)     A printer shall be attached to the Stand-alone Computer and the receiving party shall make no more than 1000 total pages, and no more than 25 consecutive pages, of hard copies of HIGHLY RESTRICTED CONFIDENTIAL material they in good faith consider to be necessary to proving elements of their case.

(ii)     Whenever hard copies are made, copies of the hard copies shall be provided to counsel for the producing party along with an identification of when the copies were made and who made them.

(iii)     Any hard copies shall be conspicuously marked HIGHLY RESTRICTED CONFIDENTIAL.

(iv)     Receiving party shall keep a log including:  (a) the custodian of each copy of any HIGHLY RESTRICTED CONFIDENTIAL materials; (b) the name of all persons accessing the HIGHLY RESTRICTED CONFIDENTIAL materials; and (c) the date and time of access of the HIGHLY RESTRICTED CONFIDENTIAL materials.

(e)     All HIGHLY RESTRICTED CONFIDENTIAL materials, including all copies, in the possession of the receiving party shall be maintained in a secured, locked area.

(f)     All HIGHLY RESTRICTED CONFIDENTIAL materials utilized during a deposition or marked as an exhibit at a deposition will be retrieved by the party conducting the deposition at the end of each day.  At no time, will any HIGHLY RESTRICTED CONFIDENTIAL material be given to or left with the Court Reporter or any other individual.

(g)     The Receiving Party may include excerpts of HIGHLY RESTRICTED CONFIDENTIAL materials in a pleading, exhibit, expert report, discovery document, deposition

15

transcript, other Court document, or any drafts of these documents. The receiving party shall conspicuously mark such documents as HIGHLY RESTRICTED CONFIDENTIAL, and if filed with the Court, shall be filed under seal and in compliance with Civil Local Rule 79-5. The Receiving Party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the HIGHLY RESTRICTED CONFIDENTIAL material is used – as an example, excerpts of approximately 25-40 lines in length would be allowed. If the Receiving Party intends to file with the Court any pleading, motion or other document that it expects to contain more than 40 lines of HIGHLY RESTRICTED CONFIDENTIAL material, it shall disclose to the Disclosing Party the nature and volume of the HIGHLY RESTRICTED CONFIDENTIAL material so that the Disclosing Party may seek appropriate relief from the Court, as necessary. Such disclosure shall be made at least five business days prior to the anticipated date of filing.

(h)     Receiving party shall not convert any of the information contained in the hard copies into an electronic format.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – <u>OUTSIDE COUNSEL</u> ONLY," or "HIGHLY RESTRICTED CONFIDENTIAL," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

16

caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10. <u>FILING PROTECTED MATERIAL</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

11. <u>FINAL DISPOSITION</u>. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the

17

Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. <u>MISCELLANEOUS</u>

12.1 Any person who receives, sees, reviews, or otherwise has access to technical information designated CONFIDENTIAL -- OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL shall not (i) prepare or participate in the prosecution of any patent application for the receiving party; (ii) prepare or participate in the prosecution of any patent application in subject areas related to that of any patent in suit on behalf of any entity (except on behalf of the producing party) whether or not a party; or (iii) prosecute any patent application related in any way to any patent in suit (including any continuation, continuation in part, or divisional relationship, including any parent or child relationship, and including any re-examination or interference proceeding). The prohibition set forth in the preceding sentence shall be in effect from the time such person receives, sees, reviews, or otherwise has access to such Confidential Information or Items through and including two (2) years following the termination of the Action, including any appeals thereof. Nothing set forth herein, however, shall preclude any Counsel for Defendants from involvement in (including but not limited to commencement of) reexamination proceedings based on prior art.

Further, to ensure compliance with the protections intended by this paragraph, each law firm

STIPULATED PROTECTIVE ORDER                    CV-09-00810 SI

appearing as counsel in the Action, and any corporate representative permitted access to technical information designated "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" or "HIGHLY RESTRICTED CONFIDENTIAL" under the terms of this Protective Order, is to implement an "Ethical Barrier" to prevent disclosure of technical information designated CONFIDENTIAL -- OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL to any attorneys, employees, or other staff who are not permitted access to such Confidential Information or Items under the terms of this Protective Order.

This paragraph shall not be construed, however, to prevent such persons from generally discussing patents or patent applications relating to the subject matter of the patent in suit with other persons engaged in the prosecution or preparation of new patent applications relating to such technology, provided that no technical information designated CONFIDENTIAL -- OUTSIDE COUNSEL ONLY or HIGHLY RESTRICTED CONFIDENTIAL may be disclosed to such other persons.

12.2 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.3 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

STIPULATED PROTECTIVE ORDER                                      CV-09-00810 SI

1

2   DATED:  July 2, 2009                       /s/ George F. Bishop
                                            SPENCER HOSIE (CA Bar No. 101777)
3                                            BRUCE WECKER (CA Bar No. 078530)
                                            GEORGE F. BISHOP (CA Bar No. 89205)
4                                            HOSIE RICE LLP
                                            188 The Embarcadero, Suite 750
5                                            San Francisco, CA 94105
                                            (415) 247-6000 Tel.
6                                            (415) 247-6001 Fax
                                            E-mail:  shosie@hosielaw.com
7                                            E-mail:  bwecker@hosielaw.com
                                            E-mail:  gbishop@hosielaw.com
8

9                                            RAYMOND P. NIRO
                                            LEE F. GROSSMAN
10                                           DINA M. HAYES
                                            NIRO, SCAVONE, HALLER & NIRO
11                                           181 W. Madison St., Suite 4600
                                            Chicago, Illinois  60602
12                                           Phone: (312) 236-0733
                                            Fax: (312) 236-3137
13                                           E-mail: rniro@nshn.com
                                            E-mail: grossman@nshn.com
14                                           E-mail: hayes@nshn.com
                                            ***Attorneys for Plaintiff***
15                                           ***TRACE-WILCO, INC.***

16

17  DATED:  July 2, 2009                       /s/ David A. Nelson
                                            Christopher R. Freeman
18                                           Michael F. Harte
                                            QUINN EMANUEL URQUHART
19                                           OLIVER and HEDGES
                                            250 South Wacker Drive, #230
20                                           Chicago, Illinois 60601
                                            (312) 463-2968
21                                           Fax:  (312) 463-2962
                                            chrisfreeman@quinnemanuel.com
22                                           mikeharte@quinnemanuel.com

23                                           David A. Nelson
                                            QUINN   EMANUEL   URQUHART   OLIVER   &
24                                           HEDGES
                                            51 Madison Avenue 22nd Floor
25                                           New York, New York 10010
                                            Tel: 212-849-7000
26                                           Fax: 212-849-7100
                                            davenelson@quinnemanuel.com
27

28                                           Jennifer A. Kash –
                                            David Perlson –
                                            QUINN   EMANUEL   URQUHART   OLIVER   &

                                            20

STIPULATED PROTECTIVE ORDER                                        CV-09-00810 SI

1 HEDGES
 50 California Street – 22nd Floor
2 San Francisco, CA  94111
 Tel: (415) 875-6600
3 Fax:  (415) 875-6700
 jenniferkash@quinnemanuel.com
4 davidperlson@quinnemanuel.com
 **Attorneys for Defendants**
5 **SYMANTEC CORPORATION and  GOOGLE, INC.**

6

7 DATED:   July 2, 2009    /s/ Matthew S. Yungwirth
 Matthew S. Yungwirth
8 msyungwirth@duanemorris.com
 L. Norwood Jameson – wjameson@duanemorris.com
9 Leah J. Poynter – lpoynter@duanemorris.com
 DUANE MORRIS LLP
10 Atlantic Center Plaza
 1180 West Peachtree Street NW/Suite 700
11 Atlanta, Georgia  30309
 (404) 253-6935
12 (404) 759-2353 Facsimile

13

14 Eric J. Sinrod
 DUANE MORRIS LLP
15 One Market, Spear Tower, Suite 2000
 San Francisco, CA  94105-1104
16 Telephone:  (415) 957-3000
 Facsimile:  (415) 957-3001
17 ejsinrod@duanemorris.com
 **Attorneys for Defendant CISCO SYSTEMS, INC.**

18

19 DATED:  July 2, 2009    /s/ John R. Keville
 John R. Keville
20 HOWREY, LLP
 1111 Louisiana, 25th Floor
21 Houston, Texas
 (713) 787-1400
22 Fax:  (713) 787-1440
 kevillej@howrey.com
23 **Attorneys for Defendant McAFEE, INC.**

24

25

26

27

28

21

STIPULATED PROTECTIVE ORDER            CV-09-00810 SI

PURSUANT TO STIPULATION, IT IS SO ORDERED.


DATED: _7/2/09_____    _____
                                 Honorable Susan Illston
                                 United States District Judge

STIPULATED PROTECTIVE ORDER                              CV-09-00810 SI

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Trace-Wilco, Inc. v. Symantec Corporation, McAfee, Inc., Cisco Systems, Inc. and Google Inc.*, Case No. CV-09-00810 SI. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____
[printed name]

Signature: _____
[signature]

23

STIPULATED PROTECTIVE ORDER                                                        CV-09-00810 SI